UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES KINNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV2241 AGF |
| ) | |
| STEVENS APPLIANCE TRUCK CO., ) | |
| MOVERS SUPPLY HOUSE, INC., ) | |
| MAGLINE, INC., W.W. GRAINGER, ) | |
| INC., and MONSANTO COMPANY, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion to remand the case to the Circuit Court of the City of St. Louis, Missouri.[1] For the reasons set forth below, this motion shall be granted.

## **BACKGROUND**

### **The Complaint**

Plaintiff Charles Kinney, a Missouri citizen, filed this personal injury action on August 27, 2005, in the Circuit Court of St. Louis County, Missouri. Plaintiff named five corporate Defendants: Stevens Appliance Truck Co. (Stevens), a citizen of Georgia; Movers Supply House, Inc. (Movers), a citizen of New York; Magline, Inc. (Magline), a citizen of Michigan; W.W. Grainger, Inc. (Grainger), a citizen of Illinois; and Monsanto Company, a citizen of Missouri. Plaintiff alleged that on January 3, 2005, he sustained serious injuries due to the defective design and unreasonably dangerous nature of a hand

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

truck, which was manufactured and sold by the four non-Missouri Defendants.  Plaintiff further alleged that the injury occurred when he was a business invitee on premises owned and maintained by Monsanto Company, and that the injury-causing accident occurred due to Monsanto Company's negligence in maintaining the premises.

**Procedural History**

This case has a convoluted procedural history.  The record shows that Stevens was served on November 1, 2005; Magline was served on November 8, 2005; and Monsanto Company was served on December 7, 2005.  As reflected in the return, the date of service upon Grainger appears to be December 3, 2005; the record does not contain proof of service upon Movers.

On November 29, 2005, Stevens filed a Notice of Removal (Doc. No. 1), removing the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).  That same day, Stevens also filed a "Notice of Filing Notice of Removal" in state court (the "State Notice"), attaching a copy of the Notice of Removal.  The copy of the State Notice shows that it was "entered" in the Circuit Court on December 7, 2005.  In its removal notice, Stevens asserted that Monsanto Company had been fraudulently joined as a Defendant to defeat the complete diversity of citizenship required by §1332.  In support of this assertion, Stevens submitted the affidavit of a Monsanto Company official attesting that since September 1, 2000, the premises where Plaintiff's injury occurred were owned and managed by Pharmacia Corp., a Delaware corporation headquartered in New Jersey.  The affidavit also asserts that on the date of the accident, Monsanto Company was a tenant in the building where the accident occurred, under a lease with Pharmacia.

Stevens asserted in its removal notice that Monsanto Company "expressly consented" to the removal, and stated, on information and belief, its expectation that all co-defendants would consent to the removal. Stevens did not file any consent at that time by Monsanto Company, who had not yet been served, nor did it mention whether Magline, who had been served, consented to removal or explain that it was not filing the consent of other co-defendants because they had not been served.

On December 5, 2005, Stevens filed a motion for an extension of time to file a responsive pleading to Plaintiff's complaint. Stevens asserted that the Circuit Court's web site on December 5, 2005, indicated that on November 15, 2005, Plaintiff had filed an amended petition, but that such a petition had not been served on Stevens, and that upon inquiry, the Clerk's Office of the Circuit Court informed Stevens that due to a backlog of pleadings, the amended petition should be in the file in several weeks. On December 6, 2005, this Court granted Stevens' motion for an extension of time to file a responsive pleading. The Court also directed Stevens, as the removing defendant, to file with the Court all documents related to service that had been filed in state court.

Meanwhile, also on December 6, 2005, Magline filed its answer, as well as a motion to transfer venue and a motion to dismiss. These three pleadings were filed with the state court. By affidavit to this Court dated December 7, 2005, counsel for Stevens attested that on December 5, 2005, he had examined the state court file and found no amended petition nor any alias summonses. He attested that court personnel informed him that they were weeks behind in their filings. Counsel further attested that pursuant to the Court's directive, he reexamined the state court file on December 7, 2005, and that no returns of service of summones were in the file, nor was the Notice of Removal, filed on November 29, 2005, in the file or listed on the website. Attached to counsel's affidavit

3

was a copy of the Circuit Court's website as of December 5, 2005. The "Case Minutes," which cover from September 29 through November 28, 2005, show that an amended complaint was filed on November 15, 2005, and that alias summonses were issued to Grainger and Monsanto Company.

In a memorandum to the Court dated December 12, 2005, Plaintiff's counsel informed the Court that Magline had filed an answer, motion to dismiss, and motion to transfer in state court on or about December 6, 2005.[2] Plaintiff's counsel further asserted that it had not filed an amended complaint. Also on December 12, 2005, Stevens filed its answer.

On December 13, 2005, Movers filed a consent to removal and a motion for an extension of time to file a responsive pleading. In this motion, Movers asserted that according to the court minutes, an amended petition had been filed on November 15, 2005, but that Movers had not yet received a copy of it, and that thereafter, Stevens had removed the case "unbeknownst" to Movers. Movers did not note when it had been served with the original petition. The motion was granted in an order directing Movers to Plaintiff's memorandum of December 12, 2005, acknowledging that no amended complaint had been filed, and on December 22, 2005, Movers filed an answer. On December 22, 2005, Monsanto Company filed a consent to removal, and on December 27, 2005, Monsanto Company filed an answer.

The motion to remand now before the Court was filed on December 29, 2005. On the same day, Magline filed a consent to removal. On February 3, 2006, Grainger filed a motion for leave to file an answer out of time and for leave to file a consent to

---

[2] Copies of these three pleadings were provided to the Court by Stevens on March 17, 2006, and have now been docketed in this case as Doc. Nos. 40, 41, and 43.

removal. Both proposed pleadings were attached to the motion. On February 14, 2006, the Clerk's Office of this Court asked counsel for Stevens to provide the Court with a complete copy of the state court file. The Court granted Grainger's motions for leave on February 17, 2006, noting that the ruling in no way affected whether Grainger's consent to removal was timely for jurisdictional purposes.[3]

The last piece of the procedural puzzle is the copy of the state court file submitted by Stevens pursuant to the Court's February 14, 2006 request. The documents include a letter to the Clerk of the Circuit Court dated November 10, 2005, from Plaintiff's counsel listing enclosures for filing, including a petition in the present case; and two memoranda to the Circuit Court Clerk from Plaintiff's counsel dated November 15, 2005, one requesting that an alias summons be issued for Grainger and the other requesting the same for Monsanto Company.

**Motion to Remand**

In support of the motion for remand, Plaintiff argues that (1) Magline did not consent to removal within 30 days of when it was served; and (2) complete diversity does not exist. In support of his second contention, Plaintiff submits a copy of a page from Monsanto Company's 2005 Annual Registration Report filed with the State of Missouri, on which the company's "Principal Place of Business or Corporate headquarters" is noted as the premises where the accident occurred; and the December 22, 2005[4] affidavit of the president of Title Associates, Inc., attesting that according to St. Louis County Records,

---

[3] Although Grainger's proposed answer, which was attached to the motion for an extension of time, was presumed filed on February 17, when leave to file the answer was granted, the docket sheet indicates that Grainger filed its answer on February 21, 2006.

[4] The affidavit is actually dated December 22, 2006.

the property in question was presently owned by Monsanto Company, a Delaware corporation, by deed recorded on November 7, 1979.

Plaintiff argues that the Court need not decide who owns the premises in question, because Stevens has not met its burden of showing that there is no possibility that Plaintiff will prevail on this issue. Plaintiff further argues that, in any event, Monsanto Company was a lessee of the premises in question, subjecting it to liability on Plaintiff's claims of negligence.

In response to the motion to remand, Stevens first maintains that Plaintiff named and served the wrong Monsanto Company. Stevens relies upon the January 12, 2006 affidavit of the Assistant Secretary of Monsanto Company, reviewing that entity's corporate history. According to the affiant, the entity "Monsanto Company" that Plaintiff sued was incorporated in September 2000 and is a separate legal entity from the company which was formerly known as Monsanto Company and which changed its name to Pharmacia Corporation on March 31, 2000. The affidavit further states that Pharmacia Corporation became a wholly owned subsidiary of Pfizer, Inc., on April 16, 2003; thus, the company that Plaintiff named, a company that came into existence in September 2000, was not the company which owned the premises pursuant to a deed dated November 9, 1979. Stevens notes that diversity is judged as of the time of the filing of the petition in state court, and that at that time, Plaintiff's claims were against the owner of the premises, not the tenant.

Stevens next addresses Plaintiff's argument that the case must be remanded because all Defendants did not consent to the removal in a timely fashion. Stevens argues that due to the serious delays at the Circuit Court in the placement of filed documents in the proper files and in posting accurate information on its website, "it was impossible for

6

co-defendant Magline to be aware that Stevens had filed a Notice of Removal" by the time Magline's 30 days to file a consent to removal had elapsed. Stevens asserts that the delays in filing pleadings and posting information resulted in the 30 days to elapse "without the ability of either Magline or Stevens to review the Clerk's file to be aware of the identities of the attorneys for either party." Memo in Opp'n to Mot. to Remand at 5. Stevens urges the Court to apply a liberal standard, due to the disarray of the Circuit Court's records and to the requirement that non-removing defendants must consent to removal within 30 days of service.

## **DISCUSSION**

Although the procedural history of this case is complicated, the relevant law and its application here is relatively straightforward. Title 28 U.S.C. § 1446 sets out the procedural requirements for removal. Although it is not explicit in the statute, where there are multiple defendants, "ordinarily all defendants must join in a notice of removal or a case will be remanded.'" Horton v. Conklin, 431 F.3d 602, 604 (8th Cir. 2005) (quoting Marano Enters. of Kan. v. Z-Teca Restaurants, L.P., 254 F.3d 753, 754 n.2 (8th Cir. 2001). This is called the "rule of unanimity." The three exceptions to this joinder requirement are (1) when a co-defendant had not been served at the time the removal notice was filed, (2) when a co-defendant is only a nominal defendant, and (3) when the removed claim is separate and independent under 28 U.S.C. §1441(c). Ross v. Thousand Adventures of Iowa, Inc., 178 F. Supp. 2d 996, 999 (S.D. Iowa 2001).

Under Eighth Circuit law, each defendant is allowed 30 days after receiving service within which to file a notice of removal, regardless of when, or if, previously-served defendants had filed such notices. Marano Enters. of Kan., 254 F.3d at 755 (rejecting "first-served rule" under which service upon the first of multiple defendants

starts the 30-day clock running for all, even later-served, defendants).  This does not affect the rule of unanimity, as later-served defendants seeking removal are required to have the consent of all defendants.  Id. at 757 n.6.

Here, the notice of removal filed by Stevens, after Magline had been served, was defective from the outset due to Stevens' failure to join Magline in the notice.  See Horton, 431 F.3d at 604; K.L. v. State Farm Mut. Auto. Ins. Co., No. 4:05CV1950 TCM, 2006 WL 51192, at *2 (E.D. Mo. Jan 10, 2006).  The Court accepts Stevens' assertions that when it filed its notice of removal, the state court records were not up to date.  While the Court is not unsympathetic to the problems caused by the disarray of the state court records, the Court does not believe that this excuses Stevens from checking on whether any other Defendants had been served by November 29, 2005, the date of Stevens' removal, and if so, whether they consented to removal.  Stevens had reason to know that the state court files were not up to date, as service upon Stevens itself had not been posted at the relevant time.  Stevens certainly could have contacted Plaintiff's counsel and asked him, but Stevens does not allege that it made any effort to do so.

Moreover, even if Magline did not know about the removal by Stevens, Magline could have removed the case within 30 days from when Magline was served, and Magline failed to do so.  The Court's removal jurisdiction must be strictly construed, with the Court resolving all doubts about federal jurisdiction in favor of remand.  K.L., 2006 WL 51192, at *2; Amteco v. BWAY Corp., 241 F. Supp. 2d 1028, 1029 (E.D. Mo. 2003) (remanding, holding that unambiguous consent to removal by all served defendants must be provided to the court and not simply to the removing co-defendant).  Furthermore, as the party seeking removal to federal court and opposing remand, Stevens has the burden of establishing this Court's jurisdiction.  See Ross, 178 F. Supp. 2d at 999.  The Court

concludes that Stevens has failed to meet this burden.  <u>See</u> <u>id.</u> at 1000-01 (rejecting removing defendant's argument that it was excused from joining in the removal petition other defendants who had been served, because it was mistakenly told by the Clerk of the state court at the time of removal that no other returns of service were on file).  Stevens' assertion that it did not have "the ability . . . to review the [state court] Clerk's file to be aware of the identities of [Magline's] attorneys" is unpersuasive.

In light of the above, the Court need not address whether there is complete diversity of citizenship in this case.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand this case to the Circuit Court of the City of St. Louis, Missouri, is **GRANTED**.  [Doc. #18]


_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of April, 2006.